PEOPLE v TERRY ALEXANDER

Docket No. 77-153. Submitted January 10, 1978, at Lansing.—Decided
     April 17, 1978. Leave to appeal applied for.

Terry Alexander was charged with second-degree criminal sexual
     conduct and with intent to commit criminal sexual conduct
     involving sexual penetration. A jury found him guilty of both
     counts in Muskegon Circuit Court, Frederic A. Grimm, J. The
     prosecuting attorney filed no notice of rebuttal but called a
     rebuttal witness who was permitted to testify over defense
     counsel's objection that the defendant had not received the
     required statutory notice. Defendant appeals contending that
     the double conviction violates the constitutional proscription of
     double punishment for the same offense and that the court
     erred by permitting a rebuttal witness to testify after objection
     that there was non-compliance with the notice statute. *Held:*

1. Separate convictions of second-degree criminal sexual con-
     duct and assault with intent to commit criminal sexual conduct
     involving sexual penetration are not prohibited where a jury
     could have found second-degree criminal sexual conduct but
     also have found that any force used was not with the intent to
     penetrate; similarly, the jury could have found intent to pene-
     trate but also have found that no sexual contact occurred.

2. The prosecution is required to give a defendant notice of
     rebuttal and of all proposed rebuttal witnesses. Evidence of-
     fered in rebuttal should be excluded where the prosecution fails
     to comply with the statutory notice requirement.

     Reversed.

1. CRIMINAL LAW—MULTIPLE CONVICTIONS—LESSER INCLUDED OF-
     FENSES—COGNATE INCLUDED OFFENSES—ANALYSIS OF FACTS—
     QUESTION OF FACT.

     A defendant may not be convicted of two crimes where, on the

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 189.
[2] 65 Am Jur 2d, Rape §§ 20–23.
[3] 65 Am Jur 2d, Rape § 25.
[4, 5] 21 Am Jur 2d, Criminal Law § 137.
     29 Am Jur 2d, Evidence § 240.
     81 Am Jur 2d, Witnesses § 4.

facts of the particular case, the trier of fact must necessarily find him guilty of one in order to find him guilty of the other; this test does not rest solely on the distinction of necessarily included offenses and cognate lesser included offenses, but requires an analysis of the facts in each case.

2. Criminal Law—Criminal Sexual Conduct—Elements—Proof of Elements—Sexual Penetration—Sexual Contact.

Assault with intent to commit criminal sexual conduct involving sexual penetration requires proof of an element not found in second-degree criminal sexual conduct, and that element is the specific intent to commit sexual conduct involving sexual penetration; second-degree criminal sexual conduct requires proof of an element not required for assault with intent and that element is sexual contact.

3. Criminal Law—Criminal Sexual Conduct—Multiple Convictions—Sexual Penetration—Sexual Contact—Question of Fact.

Separate convictions of second-degree criminal sexual conduct and assault with intent to commit criminal sexual conduct involving sexual penetration are not prohibited where a jury could have found defendant guilty of second-degree criminal sexual conduct but also have found that any force used was not with the intent to commit criminal sexual conduct involving sexual penetration; similarly, the jury could have found defendant guilty of the assault with intent to commit criminal sexual conduct involving sexual penetration offense but also have found that no sexual contact occurred.

4. Criminal Law—Alibi—Rebuttal Witnesses—Notice to Defendant—Surprise—Statutes.

The prosecution is required to give a defendant notice of all proposed alibi rebuttal witnesses; the purpose of alibi and rebuttal of alibi notice is to prevent surprise at trial, and this purpose can be attained only if both sides give the statutorily required notice (MCLA 768.20[2]; MSA 28.1043[2]).

5. Criminal Law—Alibi—Rebuttal Witnesses—Notice to Defendant—Evidence—Exclusion of Evidence—Statutes.

Evidence offered by the prosecution in rebuttal to a defendant's evidence relevant to a defense of alibi should be excluded where the prosecuting attorney fails to file and serve a notice of rebuttal upon the defendant containing the names of witnesses he proposes to call in rebuttal (MCLA 768.21[2]; MSA 28.1044[2]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Gerald D. Warner,* Prosecuting Attorney, and *Stephen C. Corwin,* Assistant Prosecuting Attorney, for the people.

*Marietti, Mullally & Grimm,* for defendant.

Before: BRONSON, P. J., and R. B. BURNS and R. E. A. BOYLE,* JJ.

BRONSON, P. J. Defendant was charged with second-degree criminal sexual conduct, MCLA 750.520c; MSA 28.788(3), and assault with intent to commit criminal sexual conduct involving sexual penetration, MCLA 750.520(g)(1); MSA 28.788(7)(1). He was found guilty of both counts by a jury and appeals of right.

Defendant contends that his conviction of both second-degree criminal sexual conduct and assault with intent violates the constitutional proscription of double punishment for the same offense.[1]

The Supreme Court has addressed the constitutional protection against double punishment in two recent cases. In *People v Martin,* 398 Mich 303, 307; 247 NW2d 303 (1976), the Court held that convictions for both possession and delivery of heroin constituted double punishment because:

"Possession of the heroin present in *this* case was that necessary to its delivery.

"On the evidence adduced at this trial, there is no doubt that unlawful possession was a lesser included offense of delivery.

"When the jury found defendant guilty of unlawful

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] *See* US Const, Am V, Const 1963, art 1, § 15.

delivery of this heroin on the evidence in this record they necessarily found him in possession of it."[2]

*Martin* was followed in *People v Stewart,* 400 Mich 540, 548–549; 256 NW2d 31 (1977), which involved separate convictions for sale and possession of heroin. The Court held that:

"However, depending upon the facts developed at trial, when the circumstance of possession is not severable or apart from a sale and the jury concludes the defendant is guilty of sale, then the possession blends together with the sale so as to constitute one single wrongful act.

"Therefore, from the evidence adduced at this trial, the illegal possession of heroin was obviously a lesser included offense of the illegal sale of heroin. When the jury *in the case at bar* found the defendant guilty of the illegal sale of this heroin, they necessarily found him guilty of possession of the same heroin.

\*   \*   \*

"Defendant Stewart may not be 'doubly punished' by convicting him of possession, which in *this* case was a 'necessary' prerequisite or the *sine qua non* for the very sale for which he was also convicted."

The test which emerges from *Martin* and *Stewart* is fairly easy to state: a defendant may not be convicted of two crimes where, on the facts of the particular case, the trier of fact must necessarily find him guilty of one in order to find him guilty of the other. This test does not rest solely on the distinction between necessarily and cognate lesser included offenses,[3] but requires an analysis of the facts of each case.[4]

---

[2] The Court also held that the second conviction must be vacated even though sentences for the two convictions were to run concurrently.

[3] In *People v Ora Jones,* 395 Mich 379, 387; 236 NW2d 461 (1975), the Supreme Court described necessarily included offenses, which are "such that it is impossible to commit the greater without first having

In the case at bar, defendant was convicted of both second-degree criminal sexual conduct and assault with intent to commit criminal sexual conduct involving sexual penetration. The assault with intent offense requires proof of an element not found in second-degree criminal sexual conduct: the specific intent to commit criminal sexual conduct involving sexual penetration. Second-degree criminal sexual conduct requires proof of an element not required for assault with intent, namely, "sexual contact". On the facts of this case, the jury did not *necessarily* find defendant guilty of one crime in finding him guilty of the other. See *People v Stewart, supra.* It is important to distinguish what the jury could find from the evidence presented and what the jury *necessarily* found. In the instant case, the jury could have found defendant guilty of second-degree criminal sexual conduct but also have found that any force used was not with the intent to commit criminal sexual

committed the lesser", and cognate offenses, which "share several elements, and are of the same class or category, but may contain some elements not found in the higher offense".

[4] *But cf. People v Risher,* 78 Mich App 431; 260 NW2d 121 (1977), refusing to hold that conviction of cognate offenses is barred by double jeopardy. In *Brown v Ohio,* 432 US 161; 97 S Ct 2221; 53 L Ed 2d 187 (1977), the United States Supreme Court stated that the test of whether multiple punishment has been imposed is whether each offense requires proof of a fact not required by the other offense. *See, also, People v Guidry,* 67 Mich App 653; 242 NW2d 461 (1976). Although this test is seemingly different from the *Martin/Stewart* test, the two tests can be reconciled. In *Brown* and *Guidry,* the courts were confronted with conviction of a necessarily included offense; they did not consider the effect of a conviction for an offense which was not technically necessarily included apart from the facts of a particular case. The latter issue, which was addressed in *Martin* and *Stewart,* therefore was not decided by the U. S. Supreme Court. In other words, *Stewart* and *Martin* are consistent with *Brown* as to necessarily included offenses, but state an additional test for circumstances not present in *Brown, i.e.,* where two offenses are *factually* included. As we are not here presented with conviction of a necessarily included offense, we apply the *Martin/Stewart* test.

conduct involving sexual penetration. Similarly, the jury could have found defendant guilty of the assault with intent offense but also have found that no "sexual contact" occurred. Therefore, separate convictions are not prohibited.[5]

Although defendant's convictions do not constitute double punishment, we must reverse for the prosecutor's failure to give notice of a witness called as a rebuttal alibi witness.

MCLA 768.20(2); MSA 28.1043(2) requires the prosecution to give notice of all proposed alibi rebuttal witnesses:

"Within 10 days after the receipt of the defendant's notice but not later than 5 days before the trial of the case, or at such other time as the court may direct, the prosecuting attorney shall file and serve upon the defendant a notice of rebuttal which shall contain, as particularly as is known to the prosecuting attorney, the names of the witnesses whom the prosecuting attorney proposes to call in rebuttal to controvert the defendant's defense at the trial of the case."

In the case at bar, the prosecution called a rebuttal witness who was permitted to testify over defense counsel's objection that he had not received the statutory notice. The witness was listed in defendant's notice of alibi, although he was not called by the defense. The prosecutor filed no notice of rebuttal.

The prosecutor argues that he should not be required to give notice of an alibi rebuttal witness the defense has listed on its notice of alibi.

[5] We are not confronted here with the problem of whether the Legislature meant to provide for separate offenses for a single sexual penetration by subdividing sections defining criminal sexual conduct. *See, e.g., People v Nelson,* 79 Mich App 303; 261 NW2d 299 (1977), *People v Willie Johnson,* 75 Mich App 221; 255 NW2d 207 (1977), *lv granted,* 402 Mich 826 (1977).

The purpose of alibi and rebuttal of alibi notice is to prevent surprise at trial. See *Williams v Florida,* 399 US 78; 90 S Ct 1893; 26 L Ed 2d 446 (1970). See, also, *People v Merritt,* 396 Mich 67; 238 NW2d 31 (1976). This purpose can be attained only if both sides give the statutorily required notice. While a defendant arguably should know how a witness whom he has listed on a notice of alibi will testify, a defendant should also be entitled to know whether the prosecution will rely on that witness in rebuttal. We decline to find an exception to the statutory requirement that the prosecution give notice of rebuttal alibi witnesses where the witness in question is listed in the defendant's notice of alibi.[6]

MCLA 768.21(2); MSA 28.1044(2) provides:

"If the prosecuting attorney fails to file and serve a notice of rebuttal upon the defendant as provided in section 20 or 20a, the court shall exclude evidence offered by the prosecution in rebuttal to the defendant's evidence relevant to a defense specified in section 20 or 20a. If the notice given by the prosecuting attorney does not state, as particularly as is known to the prosecuting attorney, the name of a witness to be called in rebuttal of the defense of alibi or insanity, the court shall exclude the testimony of a witness which is offered by the prosecuting attorney for the purpose of rebutting that defense."

This language is mandatory, unlike the prior statute. See *People v Merritt, supra,* at 74, fn 1. We

---

[6] Contrary to the prosecutor's argument, he is not prevented from listing a witness in a notice of rebuttal because defendant has listed the witness in a notice of alibi.

We also reject the prosecutor's argument that the prosecutor cannot "propose to call" a witness whom the defense proposes to call. If the prosecutor intends to rely on a witness in rebuttal, it is logical to assume that the defense will not call that witness. Given the purpose of the alibi notice statute, the fullest possible disclosure of potential rebuttal witnesses is to be encouraged.

cannot say, on the facts of this case, that the error in allowing the unlisted witness to testify was harmless beyond a reasonable doubt.

Reversed.