PEOPLE v GRABLE

Docket No. 78-2023. Submitted November 14, 1979, at Lansing.—
Decided January 22, 1980. Leave to appeal applied for.

Defendant, Vanessa Grable, was convicted, on her plea of guilty,
of forgery and uttering and publishing a forged instrument in
the Lenawee Circuit Court, Rex B. Martin, J. The evidence was
that she forged the instrument uttered and published. Defen-
dant appeals, alleging the convictions and sentences violated
the double jeopardy clauses of the United States and Michigan
Constitutions. *Held:*

Her plea of guilty did not waive the constitutional defect
claimed on appeal. A guilty plea waives all defects that go to
whether the government can actually prove its case but does
not waive those defects which would preclude the government
from convicting a defendant even if it could prove its case. The
double punishment which is constitutionally proscribed for one
offense includes another conviction of the same offense and not
only another sentence, because the second conviction punishes
the defendant in several ways, including parole considerations,
impeachment at subsequent trials and treatment as a habitual
offender. A defendant may not be convicted of two crimes
where, on the facts of the particular case and as is here, the
trier of fact must necessarily find him guilty of one in order to
find him guilty of the other. This test does not rest solely on

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 495.
  Plea of guilty as waiver of claim of unlawful search and seizure. 20
  ALR3d 724.
[2] 21 Am Jur 2d, Criminal Law § 165 *et seq.*
  39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 5.
  Increased sentence for dnagerous offenders under 18 USCS § 3575.
  41 ALR Fed 576.
[3] 36 Am Jur 2d, Forgery §§ 3-26.
[4] 36 Am Jur 2d, Forgery §§ 20, 26.
[5, 6, 8] 21 Am Jur 2d, Criminal Law § 182.
  36 Am Jur 2d, Forgery §§ 20, 39, 43, 53.
[7] 21 Am Jur 2d, Criminal Law § 547.
  36 Am Jur 2d, Forgery § 53.

the distinction of necessarily included offenses and cognate lesser included offenses, but requires an analysis of the facts in each case. Convictions for both uttering and publishing a forged instrument and forgery may not both stand where the fact of the forgery supplied an element of knowledge indispensable to the conviction for uttering and publishing. When this occurs, the appropriate remedy is to vacate the conviction of forgery.

Affirmed as modified.

1. CRIMINAL LAW — PLEA OF GUILTY — DEFECTS — WAIVER OF DEFECTS.

A guilty plea waives all defects that go to whether the government can actually prove its case but does not waive those defects which would preclude the government from convicting a defendant even if it could prove its case.

2. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY — DOUBLE PUNISHMENT.

The double punishment for a single offense which is constitutionally proscribed includes another conviction of the same offense and not only another sentence, because the second conviction punishes the defendant in several ways, including parole considerations, impeachment at subsequent trials and treatment as a habitual offender.

3. FORGERY — ELEMENTS.

The elements of forgery are: 1) an act which results in the false making or alteration of an instrument which makes the instrument appear to be what it is not; and 2) a concurrent intent to defraud or injure; the key to forgery is that the writing itself is a forgery.

4. FORGERY — UTTERING AND PUBLISHING — ELEMENTS.

The elements of uttering and publishing a forged instrument are: 1) knowledge that the instrument was false; 2) intent to defraud; and 3) presentation of the forged instrument for payment.

5. CRIMINAL LAW — DOUBLE PUNISHMENT.

The Supreme Court of the United States has said that, in determining whether separate punishment might be imposed for violation of two distinct statutory provisions, the applicable rule is whether each provision requires proof of a fact which the other does not.

6. Criminal Law — Multiple Convictions — Lesser Included Offenses — Cognate Included Offenses — Analysis of Facts.

A defendant may not be convicted of two crimes where, on the facts of the particular case, the trier of fact must necessarily find him guilty of one in order to find him guilty of the other; this test does not rest solely on the distinction of necessarily included offenses and cognate lesser included offenses, but requires an analysis of the facts in each case.

7. Criminal Law — Multiple Convictions — Multiple Punishments — Single Occurrence.

Absent a clear expression of legislative intent to authorize multiple convictions and cumulative punishments based on a single factual occurrence, multiple convictions and their attendant punishments cannot stand.

8. Forgery — Uttering and Publishing — Multiple Convictions.

Convictions for both uttering and publishing a forged instrument and forgery may not both stand where the fact of the forgery supplies an element of knowledge indispensable to the conviction for uttering and publishing; when this occurs, the appropriate remedy is to vacate the conviction of forgery.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harvey A. Koselka,* Prosecuting Attorney (by *Thomas C. Nelson,* Assistant Attorney General, Prosecuting Attorneys' Appellate Unit) for the people.

*Richard L. Roble,* for defendant on appeal.

Before: T. M. Burns, P.J., and Cynar and A. M. Bach,* JJ.

Cynar, J. Pursuant to a plea bargain, defendant pled guilty to forgery, MCL 750.248; MSA 28.445, and to uttering and publishing a forged instrument, MCL 750.249; MSA 28.446. In exchange for her plea, similar pending charges were dismissed,

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

and the prosecution agreed to forbear from charging defendant as an habitual offender. Defendant was sentenced to concurrent terms of from 2-1/2 to 14 years imprisonment and now appeals as of right.

The sole issue presented in this appeal is whether, on the facts of this case, the two plea-based convictions and sentences imposed constitute multiple convictions and double punishment for the same offense, in violation of the double jeopardy clause of both the United States and Michigan Constitutions.[1]

I

As a threshold matter, we note that defendant's guilty plea does not constitute a waiver of the constitutional defect urged in this appeal, as it is a defect irrelevant to defendant's factual guilt of the crimes charged, and is properly characterized as one which would preclude the government from convicting defendant of both offenses, even assuming it could prove its case. *People v Riley,* 88 Mich App 727, 730; 279 NW2d 303 (1979).

So too, we note that the fact that the sentences imposed are to be served concurrently does not obviate the potential infirmity of the convictions, as the concept of double punishment applies to the convictions as well as to the sentences. If both convictions are allowed to stand, several collateral consequences could impact upon defendant, including parole considerations, impeachment at subsequent trials, and habitual offender treatment. *People v Stewart (On Rehearing),* 400 Mich 540, 549-550; 256 NW2d 31 (1977), *People v Martin,* 398 Mich 303, 310-311; 247 NW2d 303 (1976).

---

[1] US Const, Am V; Const 1963, art 1, § 15.

## II

The elements of the crime of forgery are: (1) an act which results in the false making or alteration of an instrument (which makes an instrument appear to be what it is not); and (2) a concurrent intent to defraud or injure. The key is that the writing itself is a lie. *People v Susalla,* 392 Mich 387, 392-393; 220 NW2d 405 (1974).

The elements of the crime of uttering and publishing a forged instrument are: (1) knowledge on the part of the accused that the instrument was false; (2) an intent to defraud; and (3) presentation of the forged instrument for payment. *People v Fudge,* 66 Mich App 625, 631; 239 NW2d 686 (1976), *People v Kimble,* 60 Mich App 690, 694; 233 NW2d 26 (1975).

## III

We must first apply the *Blockburger* test[2] to the crimes in order to pass upon the claimed double jeopardy defect. The focus under this test is upon the statutory elements of the offenses in issue. The question is whether "each provision requires proof of a fact which the other does not". *Blockburger, supra,* 304, *Wayne County Prosecutor v Recorder's Court Judge (People v Brintley),* 406 Mich 374, 395-397; 280 NW2d 793 (1979), *app dis sub nom Brintley v Michigan,* 444 US 948; 100 S Ct 418; 62 L Ed 2d 317 (1979). We have no trouble concluding that the instant convictions surmount this hurdle. Although there is "a substantial overlap in the proof offered to establish the crimes", *id.,* 397, the violation of each provision, as opposed to the evidence offered to prove the same, is distinctly differ-

---

[2] *Blockburger v United States,* 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932).

ent under each of the respective statutes. *Id.,* 397. Therefore, *legally* the two crimes of which defendant was convicted are not the "same offense".

## IV

Next, our analysis takes us into the amorphous area of "factual" double jeopardy. As an abstract proposition, a defendant may not be convicted of two crimes where, on the facts of the particular case, the trier of fact must necessarily find defendant guilty of one crime in order to convict him of the other. *People v Martin, supra,* 307, *People v Stewart, supra,* 548-549, *People v Terry Alexander,* 82 Mich App 621, 624; 267 NW2d 466 (1978).

In *Wayne County Prosecutor, supra,* the Court reexamined *Stewart* and *Martin,* and while not specifically overruling or disapproving of their holdings, concluded that the nub of those cases was that where the Legislature had failed to clearly authorize multiple convictions and cumulative punishments based on one factual occurrence, two convictions and their attendant punishments cannot stand. *Wayne County Prosecutor, supra,* 399-402.

No such legislative intent rationale is apparent in the case at bar which would support the dual convictions of defendant. In any event, the type of factual double jeopardy defendant complains of does not appear to be addressed in *Wayne County Prosecutor,* as it does not rest upon the factual parameters spoken to in that case.

What defendant does argue is that the conviction for forgery was the *sine qua non* for the conviction for uttering and publishing, *i.e.,* defendant could not have been convicted of the latter without being found guilty of the former, on the

facts as developed at her plea-taking proceeding. She contends that the entire chain of events involving both her forging of an instrument and her presenting of the same for payment constituted a single criminal transaction, a unitary episode.

This is a slightly different concept of a "same transaction" or "one occurrence" than that considered in *Wayne County Prosecutor.* There, the two crimes of which the defendant was convicted, and which were claimed to be violative of the double jeopardy clauses of the U.S. and Michigan Constitutions, occurred virtually, if not actually, simultaneously. In this case, the events which transpired are said to constitute but subparts of a single transaction, although not compressed into such a short time frame. On the facts as admitted by defendant at her arraignment, it was established that the forgery and the uttering and publishing did occur the same day and were separated temporally by only a minimal amount of time, minutes or at worst only an hour or so.

As posited in *People v Terry Alexander, supra,* the test which we are applying does not rest upon the distinction between necessarily lesser-included offenses and cognate lesser-included offenses *(Blockburger),* but instead requires an *ad hoc* analysis of the facts of each case. The distinction is between offenses which are necessarily lesser-included offenses *legally,* and those *factually* so included. *Terry Alexander, supra,* 624-625.

Initially, we agree with defendant that the acts for which she admitted responsibility constitute a continuum evidencing but a single criminal transaction.

So too, we are persuaded that, on the facts before us, defendant's right not to be placed twice in jeopardy for the same offense has been unconsti-

tutionally violated. The circumstance of forgery is not severable and apart from the uttering and publishing.

On the facts here, which indicate a forgery of a personal check by defendant and a subsequent presentation of that instrument for payment by her, when the trial judge accepted defendant's plea of guilty to uttering and publishing, he necessarily made a finding that defendant was guilty of the forgery. The fact of the forgery supplied the element of knowledge indispensable to a conviction for uttering and publishing in this case. It is as if the forgery merged into the latter offense, at least for double jeopardy purposes, so as to constitute but a single wrongful act. *People v Stewart, supra,* 548-549. There is no evidence of knowledge that the instrument was false apart from the act of forgery. The forgery was therefore a necessary prerequisite or *sine qua non* for the uttering and publishing of which defendant was also convicted.

## V

Having so concluded, we further hold that, consistent with the above analysis, the appropriate remedy is to affirm defendant's conviction for uttering and publishing a forged instrument, and to vacate defendant's conviction for the crime of forgery.

Affirmed as modified.