PEOPLE v SESI

PEOPLE v SHINA

PEOPLE v YATOOMA

Docket Nos. 78-5205, 78-5206, 43507. Submitted June 25, 1980, at Detroit.—Decided November 4, 1980. Leave to appeal applied for.

Manuel Sesi, George Shina, and Harry Yatooma were convicted of conspiracy to suborn perjury and of endeavoring to incite or procure perjury, Detroit Recorder's Court, R. P. Van Wiemeersch, J. They each appeal, alleging that the information filed against them failed to confer jurisdiction on the trial court, that the trial court erred in failing to quash the information returned against them, that their convictions of conspiracy to suborn perjury were improper, that their rights against double jeopardy were violated, that certain testimony and evidence introduced by the prosecutor was improperly admitted, and that the trial court's failure to give a requested jury instruction constituted error. In addition, defendant Shina alleges that the trial court abused its discretion in ruling that evidence of his prior felony conviction could be used for purposes of impeachment if he chose to testify on his own behalf, and defendant Sesi alleges that there was insufficient evidence to support his conviction of endeavoring to incite or procure perjury. The appeals were consolidated by the Court of Appeals. *Held:*

1. Defendants made no objection to their information during

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 553, 559.
   41 Am Jur 2d, Indictments and Informations § 278.
[2] 21 Am Jur 2d, Criminal Law §§ 443, 444.
[3] 21 Am Jur 2d, Criminal Law § 443.
[4, 6-8, 14] 16 Am Jur 2d, Conspiracy § 2.
[5, 6, 8, 14] 60 Am Jur 2d, Perjury §§ 68, 71.
[9] 29 Am Jur 2d, Evidence §§ 249, 251-257.
[10] 29 Am Jur 2d, Evidence §§ 339, 346.
[11, 12] 29 Am Jur 2d, Evidence § 333.
   81 Am Jur 2d, Witnesses §§ 484, 668.
[13] 75 Am Jur 2d, Trial § 589.

trial, and the trial court was not informed of any potential problems therein. Thus, the issue was not preserved for appeal.

2. The evidence introduced at defendants' preliminary examination was sufficient to support findings by the magistrate that probable cause to believe that defendants committed the offenses charged existed.

3. The number of alleged conspirators exceeded the minimum number of persons necessary to commit the underlying substantive crime, enabling convictions for conspiracy to stand.

4. Conspiracy to suborn perjury and endeavoring to incite or procure perjury each require proofs of fact not required by the other. Conviction on both charges did not violate defendants' double jeopardy rights.

5. Evidence showing defendants' previous criminal involvement with the prosecution's chief witness was more probative than prejudicial and was introduced to prove motive and intent. As such, it was properly admitted.

6. The trial court's refusal to give defendants' requested addict-informer instruction to the jury did not constitute error, since such testimony was not the only evidence linking them with the alleged crime.

7. The trial court was aware of its discretion to admit evidence of defendant Shina's prior conviction for mail fraud and, in considering that this conviction was clearly probative of his credibility and that it was sufficiently distinct from the charged offenses not to be unduly prejudicial, properly exercised its discretion. The fact that that defendant's testimony may have benefited his case, standing alone, does not indicate an abuse of discretion.

8. The evidence introduced against defendant Sesi was sufficient to enable a reasonable trier of fact to find that each element of the offense charged was proved beyond a reasonable doubt.

Affirmed.

1. INDICTMENT AND INFORMATION — TIMELY OBJECTION — APPEAL — STATUTES.

A criminal information not challenged during a trial may not be challenged on appeal (MCL 767.2, 767.76; MSA 28.942, 28.1016).

2. CRIMINAL LAW — PRELIMINARY EXAMINATION — STATUTES.

The purpose of a preliminary examination is to determine whether a crime has been committed and whether there is probable cause to believe that a defendant committed it (MCL 766.13; MSA 28.931).

3. CRIMINAL LAW — PRELIMINARY EXAMINATION — MAGISTRATE'S DETERMINATION OF GUILT — STANDARD OF REVIEW — APPEAL.

A magistrate at a preliminary examination need not determine a defendant's guilt beyond a reasonable doubt, but there must be evidence on each element of the crime charged or evidence from which such elements may be inferred; on appeal his determination should not be disturbed absent a clear abuse of discretion.

4. CONSPIRACY — NUMBER OF PARTICIPANTS NECESSARY FOR PROSECUTION.

An agreement to commit a particular crime cannot be prosecuted as a conspiracy where the number of alleged conspirators does not exceed the minimum number of persons logically necessary to complete the substantive offense.

5. CRIMINAL LAW — SUBORNATION.

Subornation generally involves procuring or inducing an improper or unlawful act.

6. CONSPIRACY — SUBORNATION OF PERJURY — NUMBER OF PARTICIPANTS NECESSARY FOR PROSECUTION.

Subornation of perjury requires the cooperative acts of two persons, but where the number of alleged conspirators exceeds this minimum number, conspiracy may be properly charged.

7. CONSPIRACY — ELEMENTS.

A conspiracy is a partnership in a criminal purpose consisting of a combination or agreement, express or implied, between two or more persons to commit an illegal act.

8. CRIMINAL LAW — CONSPIRACY TO SUBORN PERJURY — INCITEMENT OR PROCUREMENT OF PERJURY — NECESSARY PROOFS — JURY.

It is not logically necessary for a jury to find guilt of conspiracy to suborn perjury as a necessary factual predicate for finding guilt of endeavoring to incite or procure perjury or conversely, since each requires proof of a fact not required by the other.

9. EVIDENCE — RELEVANCY.

Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to any action more or less probable (MRE 401).

10. EVIDENCE — CHARACTER EVIDENCE — ADMISSIBILITY.

Evidence of other crimes attributable to a person is generally not admissible to prove his character in order to show that he acted in conformity therewith but may be admitted where offered to

prove motive, opportunity, intent, preparation, scheme, plan, or system in doing an act (MRE 404[b]).

11. EVIDENCE — WITNESSES — PRIOR CONVICTIONS — ADMISSIBILITY.

Evidence that a witness has been convicted of a crime is admissible for the purpose of attacking his credibility if elicited from him or established by public record during cross-examination but only if the crime was punishable by death or imprisonment in excess of one year under the law under which he was convicted or the crime involved theft, dishonesty or false statement, regardless of the punishment, and the court determines that the probative value of admitting the evidence on the issue of credibility outweighs its prejudicial effect (MRE 609[a][1], [2]).

12. EVIDENCE — EVIDENCE OF WITNESS'S PRIOR CONVICTIONS — ADMISSIBILITY — JUDICIAL DISCRETION.

A trial court's discretion in deciding whether to admit evidence of a witness's prior conviction should be determined by the nature of the prior offense in relation to credibility, whether the conviction was for substantially the same conduct as the charged offense, and the effect on the decisional process should the accused not testify.

13. CRIMINAL LAW — TRIAL — JURY INSTRUCTIONS — REFUSAL TO GIVE ADDICT-INFORMER INSTRUCTION — ERROR.

A refusal by a trial court to present a defendant's addict-informer instruction to a jury does not constitute error where testimony by the addict-informer was not the only evidence linking the defendant to a crime.

14. CRIMINAL LAW — INCITEMENT TO PERJURY — KNOWLEDGE OF FALSE NATURE OF PROCURED TESTIMONY.

The crime of endeavoring to incite perjury requires proof that an accused attempted to procure testimony of another person which he was aware would be false.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy C. Scallen,* Assistant Prosecuting Attorney, for the people.

*Colista, Green, Green & Adams,* for defendants Sesi and Shina.

*Daniel R. Siefer,* for defendant Yatooma.

Before: N. J. KAUFMAN, P.J., and D. C. RILEY and A. C. MILLER,* JJ.

A. C. MILLER, J. Defendants were found guilty of conspiracy to suborn perjury, MCL 750.157a; MSA 28.354(1), MCL 750.424; MSA 28.666, and endeavoring to incite or procure perjury, MCL 750.425; MSA 28.667, by a jury in the Recorder's Court of the City of Detroit. Defendant Shina was sentenced to concurrent prison terms of 5 to 15 years for the conspiracy conviction and 3 to 5 years for the incitement of perjury conviction. Defendants Sesi and Yatooma were sentenced to concurrent terms of 5 to 15 years for the conspiracy conviction and 2-1/2 to 5 years for the incitement of perjury conviction. All three defendants appeal as of right, raising numerous challenges to their convictions.

Defendants' convictions resulted from certain dealings between defendants and the chief prosecution witness, Michael Robinson. During the early months of 1977, defendants Sesi and Yatooma and another individual, Wadi Qonja, stood charged with arson and conspiracy to commit arson in three separate cases. In each of these cases Michael Robinson was endorsed as a res gestae witness. From 1972-1975, Robinson worked for Hazim Saeegh and was paid by Saeegh to set over 30 fires, including those which resulted in the above prosecutions.

Following Yatooma's preliminary examination, Robinson was approached by defendant Shina, his former employer. Shina suggested to Robinson that if he changed his testimony and Hazim

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Saeegh were killed, the arson prosecutions could not continue. Robinson made a taped conversation at Shina's place of business in which he stated that he had set no fires and had been forced to lie by the investigators. Shina told Robinson that the taped statement did not contain specific enough denials, and a second tape was made in the presence of and under the direction of defendants Shina, Sesi, and Yatooma. Subsequently, Robinson met with Sesi, Yatooma, and Wadi Qonja to sign a written statement corroborating the information on the tape. Shina paid $500 to Robinson. Qonja paid $750 to Shina after this meeting. These facts were revealed to the authorities by Robinson in exchange for immunity from prosecution.

I

Defendants first allege that the information filed against them was so defective as to fail to confer jurisdiction on the trial court. Specifically, defendants argue that the information failed to allege that defendants were aware that the testimony sought from Robinson was false. The information charges:

"* * * the purpose of said payment of money being to procure from MICHAEL ROBINSON false testimony * * *."

Certainly in ordinary parlance this would indicate that defendants were being charged with knowledge of the falsity. If the word "false" were omitted, there would be some basis for the claim. With it there is none. Defendants made no objection to their information at trial. The trial court was not informed of any potential problems with the information so that they could be corrected. As a

consequence, defendants have failed to preserve this issue for appeal. MCL 767.76; MSA 28.1016, MCL 767.2; MSA 28.942, *People v Kildow,* 19 Mich App 194; 172 NW2d 492 (1969), *lv den* 383 Mich 803 (1970), *People v Hernandez,* 80 Mich App 465; 264 NW2d 343 (1978), *lv den* 406 Mich 938 (1979).

## II

Defendants allege that the trial court erred in failing to quash the information returned against them. Defendants claim that there was no competent evidence adduced in the preliminary examination to indicate that the testimony procured was false or that defendants knew it was false.

The purpose of a preliminary examination is to determine if a crime has been committed and, if so, if there is probable cause to believe that the defendant committed it. MCL 766.13; MSA 28.931, *People v Duncan,* 388 Mich 489; 201 NW2d 629 (1972). The magistrate is not required to find guilt beyond a reasonable doubt, but there must be evidence on each element of the crime charged or evidence from which those elements may be inferred. The magistrate's exercise of discretion will not be reversed unless a clear abuse of discretion is demonstrated. *People v Doss,* 406 Mich 90; 276 NW2d 9 (1979).

Our review of the evidence introduced at the preliminary examination leads us to conclude that no abuse of discretion occurred. Michael Robinson testified at a preliminary examination that he had committed arson on behalf of Sesi, Yatooma, and Wadi Qonja. Robinson testified that he met with Shina and discussed changing his testimony for pay. Tape recordings were made and statements signed by Robinson at the urging of Shina and under the direction of all three defendants. The

testimony of witness Robinson was sufficient to establish the falsity of the testimony sought. The defendants' knowledge of its falsity could be easily inferred from testimony regarding the underlying offenses.

## III

Defendants next allege that their convictions of conspiracy to suborn perjury are violative of Wharton's Rule. Wharton's Rule is stated as follows:

"An agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to necessarily require the participation of two persons for its commission." 1 Anderson, Wharton's Criminal Law and Procedure (1957 ed), § 89, p 191.

The Supreme Court has recently undertaken an analysis of Wharton's Rule in a case dealing with conspiracy to obstruct justice. *People v Davis,* 408 Mich 255; 290 NW2d 366 (1980). Three separate concurring opinions were written in *Davis.* The plurality opinion affirmed a decision of this Court which had held the rule applicable to a police officer who had taken money from a suspect in return for the suspect's release. Another police officer, also charged with conspiracy, had been found not guilty. As a result of these facts, one could say that the defendant had conspired with the suspect and no one else. While Wharton's Rule was found applicable by the Supreme Court and the conviction overturned, the three concurring opinions reached this result by different means. Important to our task here, Justice LEVIN's concurring opinion stated:

"Because the applicability of Wharton's Rule turns upon the nature of the substantive offense that the conspiracy seeks to achieve, accurate identification of that target offense is essential." 408 Mich 255, 280.

Defendants here were charged with conspiracy to suborn perjury. Subornation of perjury is a statutory offense defined as follows:

"Sec. 424. Any person who shall be guilty of subornation of perjury, by procuring another person to commit the crime of perjury, shall be punished as provided in the next preceding section." MCL 750.424; MSA 28.666.

Defendants were also convicted of inciting or procuring to commit perjury, defined as follows:

"Sec. 425. Any person who shall endeavor to incite or procure any person to commit the crime of perjury, though no perjury be committed, shall be guilty of a felony, punishable by imprisonment in the state prison not more than five [5] years." MCL 750.425; MSA 28.667.

Subornation can be generally defined as procuring or inducing an improper or unlawful act. Given this definition, the only meaningful difference which appears between the above two provisions would be the completed act of perjury. This is consistent with the language "though no perjury be committed" contained within § 425 but not appearing in § 424. Once it is understood that conspiracy to suborn perjury requires the completed act of perjury, it is readily apparent that subornation of perjury, by its nature, requires the cooperative acts of two persons, *i.e.,* the person who commits perjury and the person who subornates the perjury. However, even though the substantive crime here requires the cooperative action

of two parties, Wharton's Rule is not violated. Most authorities regard Wharton's Rule as applicable only where the number of alleged conspirators does not exceed the minimum number logically necessary to complete the substantive offense. *Davis, supra,* 301 (LEVIN, J., concurring), LaFave & Scott, Criminal Law, Section 62, p 493, *Iannelli v United States,* 420 US 770; 95 S Ct 1284; 43 L Ed 2d 616 (1975). This Court has followed this approach in *Oakland County Prosecutor v 46th Dist Judge,* 76 Mich App 318; 256 NW2d 776 (1977).

In this case, a conspiracy could be established between Shina, Sesi, and Yatooma. It was not necessary that Robinson be considered a co-conspirator. In short, the number of alleged conspirators did exceed the minimum number necessary to commit the crime of subornation of perjury. As such, Wharton's Rule is inapplicable.

## IV

Supplementary briefs were filed on the issue of whether defendants' double jeopardy rights were violated by conviction of conspiracy to suborn perjury and endeavoring to incite or procure perjury. Const 1963, art 1, § 15. After due consideration, we conclude that defendants' double jeopardy rights were not violated.

Conspiracy to suborn perjury and endeavoring to incite or procure perjury each require proof of a fact not required by the other. See *People v Davenport,* 89 Mich App 678; 282 NW2d 179 (1979), *People v Shelton,* 93 Mich App 782; 286 NW2d 922 (1979). See also *Blockburger v United States,* 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932).

A conspiracy is a partnership in a criminal

purpose consisting of: (1) a combination or agreement, expressed or implied, between two or more persons, (2) to commit an illegal act. *People v Atley*, 392 Mich 298; 220 NW2d 465 (1974). Endeavoring to procure or incite perjury is essentially an attempt offense and, as such, requires proof that an overt act to implement the attempt was made. *People v Pippin*, 316 Mich 191; 25 NW2d 164 (1946). Conspiracy to suborn perjury, thus, requires proof of an agreement not necessary to establish incitement of perjury, while endeavoring to incite or procure perjury requires proof of an overt act not required to establish a conspiracy in this state. *People v Thomas Hintz*, 69 Mich App 207; 244 NW2d 414 (1976), *lv den* 397 Mich 852 (1976).

Furthermore, on the facts of this case, it was not logically necessary for the jury to find guilt of either crime as a necessary *factual* predicate for finding guilt of the other. *People v Stewart (On Rehearing)*, 400 Mich 540; 256 NW2d 31 (1977), *People v Martin*, 398 Mich 303; 247 NW2d 303 (1976), *People v Terry Alexander*, 82 Mich App 621; 267 NW2d 466 (1978), *lv den* 406 Mich 936 (1979), *People v Grable*, 95 Mich App 20; 289 NW2d 871 (1980). The jury, on the facts of this case, could have found that each defendant endeavored to incite perjury without finding that they collectively agreed to suborn perjury. *Terry Alexander, supra.* The factual proof of either crime did not make the factual proof of the other necessary.

## V

Defendants contend that testimony and evidence introduced by the prosecution to show that Robin-

son actually did perform acts of arson should not have been admitted. We disagree.

Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the action more or less probable. MRE 401. Evidence of other crimes is generally not admissible to prove the character of a person in order to show that he acted in conformity therewith. MRE 404(b). An exception is made where evidence of prior criminal acts is made to prove motive, opportunity, intent, preparation, scheme, plan, or system in doing an act. See *People v Smith*, 97 Mich App 778; 296 NW2d 169 (1980).

In the case at bar, any prejudice in showing the defendants' prior involvement in the fires set by Robinson was outweighed by the probative value of the evidence. In order to convict defendants of conspiracy to suborn perjury and endeavoring to incite perjury, it was necessary to show their knowledge that the testimony procured from Robinson would be false.[1] 60 Am Jur 2d, Perjury, §§ 67, 68, pp 1007-1008. In order to show defendants' knowledge that the procured testimony would be false, the prosecutor had to show that Robinson actually did set the previous fires. Under these factual circumstances, proof of the prior arson was admissible. We additionally note that proof of defendants' prior involvement with the fires set by Robinson went to show defendants' motive in the perjury crimes charged.

## VI

Defendant Shina alleges that the trial court

---

[1] *People v Mosley*, 338 Mich 559; 61 NW2d 785 (1953), is inapposite since that case held that it was not necessary that the *witness* knew the testimony was false.

abused its discretion in ruling that evidence of his prior felony conviction of mail fraud, 18 USCA 1341, could be used to impeach him if he chose to testify in his own behalf.

MRE 609, in effect and controlling at trial, governs the use of evidence of prior convictions for impeachment. It reads in pertinent part:

"(a) * * * For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if

"(1) the crime was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or the crime involved theft, dishonesty or false statement, regardless of the punishment, and

"(2) the court determines that the probative value of admitting this evidence on the issue of credibility outweighs its prejudicial effect."[2]

Except as to its treatment of misdemeanor convictions,[3] MRE 609 is consistent with prior Michigan authority. A trial court's discretion in deciding whether to admit evidence of a prior conviction is determined by: (1) the nature of the prior offense in relation to credibility, (2) whether the conviction was for substantially the same conduct as the charged offense, and (3) the effect on the decisional process if the accused does not testify. *People v Crawford,* 83 Mich App 35; 268 NW2d 275 (1978), *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974).

A conviction for mail fraud is clearly probative of credibility. Similarly, it is sufficiently distinct

---

[2] The amendment to MRE 609 was not effective on the date of defendants' trial.

[3] See, *People v Renno,* 392 Mich 45; 219 NW2d 422 (1974).

from the charged offenses not to be unduly prejudicial. *People v Baldwin,* 405 Mich 550; 275 NW2d 253 (1979), *reh den* 406 Mich 1118 (1979). While defendant's case very well may have benefited from his testimony, that fact, standing alone, does not indicate that the trial court's discretion was abused. The court was aware of the discretion imposed and properly exercised it.

## VII

Defendants allege that they were entitled to have the jury instructed on CJI 5:2:04, concerning witness Robinson's drug addiction. Defendants cite *People v Atkins,* 397 Mich 163; 243 NW2d 292 (1976), and *People v Smith,* 82 Mich App 132; 266 NW2d 476 (1978). The *Atkins* decision indicated that the Supreme Court would not be adverse to a cautionary instruction where the uncorroborated testimony of an addict-informer is the *only* evidence linking the accused with the alleged offense. In *Atkins,* the Supreme Court did not reverse since no instruction had been requested. This Court followed *Atkins* in *Smith,* but again affirmed the lower court since the defendant's trial in *Smith* had predated the *Atkins* decision.

While defendants in the case at bar requested the addict-informer instruction, it was not error for the trial court to refuse to give it. The testimony of Robinson was not the only evidence linking defendants to the crime. Several other witnesses, including Wadi Qonja, gave testimony incriminating the defendants. Secondly, it was not established that Robinson was an addict either at the time the original fires were set, during defendants' attempt to get Robinson to perjure himself, or at the time of trial. No modified version appropriate to the facts of the case at bar was tendered.

## VIII

Lastly, defendant Sesi argues that there was insufficient evidence to convict him of endeavoring to incite or procure perjury. We disagree. Viewed in a light most favorable to the prosecution, a reasonable trier of fact could have found each element of the offense proved beyond a reasonable doubt. See *Jackson v Virginia,* 443 US 307; 99 S Ct 2781; 61 L Ed 2d 560 (1979), *People v Oster (On Resubmission),* 97 Mich App 122; 294 NW2d 253 (1980). *Cf., People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979).

The crime of endeavoring to incite perjury requires proof that the accused attempted to procure the perjurious testimony of another. It is necessary that the accused be aware that the testimony sought will be false. (See Issue V, *supra.)* Here, Michael Robinson testified that he committed arson on behalf of defendant Sesi. He indicated that, after being approached by defendant Shina, he made a tape that denied involvement in a series of arson cases for which he was a witness. He was told by Shina that both defendants Yatooma and Sesi were dissatisfied with the tape and desired one that was more specific. Subsequently, a second tape was made at the direction of all three defendants which included exculpatory statements. Robinson also testified that, the day before the second taping, he stopped by defendant Sesi's store. Sesi was upset at this and told Robinson that he would deal with him only through Shina.

The testimony of Robinson was sufficient to allow a reasonable trier of fact to find that each element of the offense had been committed beyond a reasonable doubt. It indicated that defendant Sesi acted directly and through defendant Shina to encourage Robinson to testify falsely. Tapes and

statements were made establishing an exculpatory story, and Robinson was requested to stick to that story in court. It could be inferred that defendant Sesi was aware of the false nature of the testimony since he had originally paid Robinson to commit arson.

Defendants' other allegations of error do not merit discussion.

Affirmed.