PEOPLE v KACZOROWSKI

Docket No. 124932. Submitted May 16, 1991, at Detroit. Decided July 8, 1991, at 9:15 A.M. Leave to appeal sought.

Bruce J. Kaczorowski pleaded guilty in the Bay Circuit Court, Eugene C. Penzien, J., of forgery, uttering and publishing a forged instrument, breaking and entering an unoccupied building with intent to commit larceny, breaking and entering an occupied dwelling, unlawfully driving away an automobile, and two counts of larceny over $100. The offenses were committed while he was on parole and were charged in three separate files. The court imposed its sentences to run concurrently, but later entered an order in only one file modifying the sentences to run consecutively to the sentence for which the defendant had been on parole. The defendant appealed, claiming that double jeopardy resulted from conviction of both forging a check and uttering and publishing the forged check, that an insufficient factual basis existed to support his plea of guilty of the UDAA charge, and that the sentences were improper because the trial court failed to adequately articulate its reasons for the sentences imposed, incorrectly scored two offense variables on the sentencing information report, and was unaware at the time of the original sentencing of the statutory requirement of consecutive sentencing upon conviction of an offense committed while on parole.

The Court of Appeals *held:*

1. The statute proscribing forgery, MCL 750.248; MSA 28.445, and the statute proscribing uttering and publishing, MCL 750.249; MSA 28.446, are sufficiently distinct in purpose and scope to permit separate and multiple punishment.

2. The defendant waived appellate review of his claim of an insufficient factual basis for the plea of guilty of the UDAA charge when he failed to withdraw that plea in the trial court, MCR 6.101(F)(7)(a), now MCR 6.311(C), or to timely move for

REFERENCES

Am Jur 2d, Appeal and Error § 270; Criminal Law §§ 267, 277, 490; Forgery § 43.

See the Index to Annotations under Double Jeopardy; Forgery; Guilty Plea; Sentence and Punishment.

remand by the Court of Appeals, MCR 7.211(C)(1). In any event, the record disclosed sufficient evidence that the defendant drove away the vehicle.

3. The trial court sufficiently articulated the reasons for its sentences by setting forth the permissible considerations that influenced its sentencing decision, and the sentences imposed were individually tailored and proportionate both to the individual circumstances of the offender and to the seriousness of the offenses.

4. The defendant waived appellate review of his claim that the trial court incorrectly scored his sentence under the sentencing guidelines by failing to challenge the scoring at sentencing or otherwise comply with the procedure set forth in MCR 6.429(C).

5. A defendant is usually entitled to resentencing where a sentence is based on a misconception of the law. In this case, however, because it is clear that the trial court would not have sentenced the defendant differently had it known at the time of original sentencing that, pursuant to MCL 768.7a(2); MSA 28.1030(1)(2), the sentences had to be imposed consecutively to the sentence for which the defendant had been on parole, resentencing is unnecessary.

6. The trial court's failure to include the other two files in its order modifying the sentences was merely a clerical mistake, rather than a mistake of any substantive nature. On remand, the judgments of sentence in those two files are to be corrected to reflect consecutive sentencing.

Affirmed, but remanded.

1. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — FORGERY — UTTERING AND PUBLISHING.

A person may be convicted of both forgery and uttering and publishing a forged instrument as a result of forging one check and presenting it for payment (MCL 750.248, 750.249; MSA 28.445, 28.446).

2. CRIMINAL LAW — GUILTY PLEAS — APPEAL.

A guilty plea does not preclude a defendant from challenging the adequacy of the factual basis for the conviction; however, the defendant must properly preserve any issue relating to noncompliance with the court rules governing pleas, or any other claim that the plea was not understanding, voluntary, or accurate, by moving to withdraw the plea and raising as a basis for withdrawal the claim sought to be raised on appeal (MCR 6.101[F][7][a], now MCR 6.311[C]).

3. SENTENCES — SENTENCING GUIDELINES — INCORRECT SCORING —
   APPEAL.

> A defendant waives appellate review of a claim that the sentencing court has incorrectly computed a sentence pursuant to the sentencing guidelines where the defendant fails to challenge the computation at sentencing or otherwise comply with the procedure set forth by the court rule governing the correction and appeal of sentences (MCR 6.429).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Jennifer A. Pilette*), for the defendant on appeal.

Before: BRENNAN, P.J., and DOCTOROFF and MURPHY, JJ.

MURPHY, J. Defendant pleaded guilty of offenses charged in three separate files and was sentenced to prison terms of 7 to 14 years for forgery of an instrument, MCL 750.248; MSA 28.445, 7 to 14 years for uttering and publishing a forged instrument, MCL 750.249; MSA 28.446, 6½ to 10 years for breaking and entering an unoccupied building with intent to commit larceny, MCL 750.110; MSA 28.305, 7 to 15 years for breaking and entering an occupied dwelling, MCL 750.110; MSA 28.305, two terms of 40 months to 5 years for two counts of larceny over $100, MCL 750.356; MSA 28.588, and 40 months to 5 years for unlawfully driving away an automobile, MCL 750.413; MSA 28.645, all sentences to run concurrently and with credit for 292 days served. Defendant's sentence was later amended to run consecutively to a sentence for a prior conviction for which he was on parole at the time of the present offenses. Defendant appeals as of right. We affirm.

I

Defendant contends that the constitutional prohibition against double jeopardy was violated when the trial court entered plea-based convictions of both check forgery and uttering and publishing a forged check. Arguing that the two statutes protect the same social norm, prohibit very similar conduct, and set forth identical penalties, defendant concludes that the Legislature did not intend to permit punishment under both statutes for offenses arising out of the same transaction. We disagree.

The Double Jeopardy Clauses of the Michigan and United States Constitutions consist of three separate protections, one of which is the prohibition against imposing multiple punishment for the same offense. *People v Sturgis,* 427 Mich 392, 398-399; 397 NW2d 783 (1986); *People v Wakeford,* 418 Mich 95, 103; 341 NW2d 68 (1983). The protection against multiple punishment for the same offense is designed to insure that the courts impose sentences within the limits set by the Legislature. *Sturgis, supra,* 399. The scope of the protection is determined by the definition of "same offense." *Id.* The Legislature may authorize separate penalties for what otherwise would be the same offense. *Id.,* 403. Cumulative punishment of the same conduct under two different statutes does not violate the Double Jeopardy Clause. *Id.*

In the past, this Court has held that a defendant cannot be convicted of both forgery and uttering and publishing when the fact of the forgery supplies the evidence that the defendant had the requisite knowledge that the instrument was forged when he presented it for payment. *People v Avery,* 114 Mich App 159, 165-167; 318 NW2d 685 (1982); *People v Grable,* 95 Mich App 20, 24-27;

289 NW2d 871 (1980). In both cases, this Court applied the so-called actual evidence or factual double jeopardy test to find that under the facts at issue, the trier of fact must necessarily have found the defendant guilty of check forgery in order to also convict on the uttering and publishing charge. *Avery, supra,* 165-167; *Grable, supra.*

However, in *People v Robideau,* 419 Mich 458; 355 NW2d 592 (1984), our Supreme Court rejected the so-called actual evidence or factual double jeopardy test. The present test for double jeopardy in a "multiple punishment for the same offense" situation is to determine the intent of the Legislature. *Sturgis, supra,* 405; *Robideau, supra,* 485-488. When two statutes prohibit violation of the same social norm, even if in a somewhat different manner, it may be concluded that the Legislature did not intend multiple punishment. *Id.,* 487. However, statutes prohibiting conduct that violates distinct social norms can generally be viewed as separate and as permitting multiple punishment. *Id.* The key is to identify the type of harm or conduct the Legislature intended to prevent.

At first glance, the statutes at issue appear to address the same or similar harm or evil, rather than substantially different harms or evils: the fraud and theft that result from the proscribed conduct. Nevertheless, after closer analysis, we conclude that the forgery statute, MCL 750.248; MSA 28.445, and the uttering and publishing statute, MCL 750.249; MSA 28.446, although related, are sufficiently distinct in purpose and scope to permit separate and multiple punishment. See *People v Crawford,* 187 Mich App 344, 349; 467 NW2d 818 (1991). In *Sturgis, supra,* 407, the Supreme Court stated:

The language of statutes sometimes indicates a

legislative intent to create a series of offenses prohibiting different phases of conduct, with a separate penalty for each. On the other hand, the legislative intent may sometimes appear from language creating a hierarchy of offenses, depending on the presence or observance of certain aggravating factors. The former structure is indicative of legislative intent to create separate offenses, separately punishable. The latter structure may indicate an intention to permit only a single appropriate offense and conviction.

We find that the statutes prohibiting forgery and uttering and publishing fall into the first statutory structure described by the Supreme Court. Review of chapter XL of the Penal Code reveals a series of offenses prohibiting different phases of conduct involved in forgery and counterfeiting, with a separate penalty for each. The two statutes at issue in the present case proscribe separate and distinct acts which may or may not occur together in the same criminal transaction. The fact that both statutes provide a maximum penalty of fourteen years in prison shows that the seriousness of each offense is equally weighted and, we believe, evidences a legislative intent to separately punish violations of each statute. To suggest that the Legislature intended uttering and publishing to subsume the coequal felony of forgery merely because the defendant is the creator of the forged instrument he presents for payment is to attribute a total lack of purpose to the Legislature's decision to create separate offenses for each act. See *Robideau, supra,* 489.

Moreover, although our Supreme Court has rejected the rule articulated in *Blockburger v United States,* 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932), as a conclusive test, it has approved the *Blockburger* analysis as a helpful tool of statutory

construction for determining whether there are two offenses or only one. *Sturgis, supra,* 404-405, 409. " '[B]y asking whether two separate statutes each include an element the other does not, a court is really asking whether the legislature manifested an intention to serve two different interests in enacting the two statutes.' " *Id.,* 409, quoting *Whalen v United States,* 445 US 684, 714; 100 S Ct 1432; 63 L Ed 2d 715 (1980) (Rehnquist, J., dissenting). Application of the *Blockburger* test to the forgery and uttering and publishing statutes reinforces our conclusion that the Legislature intended separate and multiple punishment.

In *Grable, supra,* 24, this Court set forth the necessary elements of forgery and uttering and publishing:

> The elements of the crime of forgery are: (1) an act which results in the false making or alteration of an instrument (which makes an instrument appear to be what it is not); and (2) a concurrent intent to defraud or injure. The key is that the writing itself is a lie. *People v Susalla,* 392 Mich 387, 392-393; 220 NW2d 405 (1974).
>
> The elements of the crime of uttering and publishing a forged instrument are: (1) knowledge on the part of the accused that the instrument was false; (2) an intent to defraud; and (3) presentation of the forged instrument for payment. *People v Fudge,* 66 Mich App 625, 631; 239 NW2d 686 (1976); *People v Kimble,* 60 Mich App 690, 694; 233 NW2d 26 (1975).

As can clearly be seen, the only element shared by the two offenses is the intent to defraud. Forgery involves the act of creating a false instrument, whereas uttering and publishing is the knowing presentment of a forged instrument for payment. One need not commit forgery in order to be guilty of uttering and publishing, nor is utter-

ing and publishing a lesser included offense of forgery. Thus, the prohibited act is distinctly different under each of the statutes and, legally, the two crimes are not the same offense. *Grable, supra,* 24-25.

Last, the rule in favor of lenity should be applied only when there is some indication of legislative intent not to authorize multiple penalties. *Sturgis, supra,* 404, 408. We conclude that when, as in the present case, the defendant both forges a check and presents that forged check for payment, the Legislature intended to authorize separate conviction and punishment for each offense.

II

Defendant also contests the validity of his plea of guilty to the charge of unlawfully driving away an automobile, MCL 750.413; MSA 28.645, contending that the factual basis was insufficient to support the plea and that he should have been convicted only of an attempt. A guilty plea does not preclude a defendant from challenging the adequacy of the factual basis for his conviction. *People v Mitchell,* 431 Mich 744, 745-748; 432 NW2d 715 (1988). See also *Guilty Plea Cases,* 395 Mich 96, 128-129; 235 NW2d 132 (1975), cert den 429 US 1108 (1977). However, a defendant must properly preserve any issue relating to noncompliance with the court rules governing pleas, or any other claim that the plea was not understanding, voluntary, or accurate, by moving to withdraw the plea and raising as a basis for withdrawal the claim sought to be raised on appeal. MCR 6.101(F)(7)(a), now MCR 6.311(C). We have reviewed the record and find nothing to indicate that defendant moved to withdraw his plea to the UDAA charge, either before or after sentencing. Moreover, defen-

dant failed to bring a timely motion for remand pursuant to MCR 7.211(C)(1). Therefore, we conclude that defendant has waived appellate review of this issue. In any event, we note that even if we were to consider the merits of this claim, there was sufficient testimony by defendant to establish the element of "driving away." See *People v Crutchfield,* 62 Mich App 149, 156; 233 NW2d 507 (1975) (testimony that car started to ease or pull away was sufficient to establish element of "driving away").

### III

Defendant raises several challenges regarding his sentences.

We reject defendant's claim that he is entitled to resentencing because the trial court emphasized only the nature of one of the offenses when imposing sentence and failed to adequately articulate sufficient reasons for the sentences it imposed. We have reviewed the reasoning articulated by the sentencing court and conclude that it adequately set forth sufficient permissible considerations that influenced its sentencing decision. *People v Coles,* 417 Mich 523, 532; 339 NW2d 440 (1983). Moreover, we conclude that the sentences imposed were individually tailored and proportionate to both the individual circumstances of the offender and the seriousness of the offenses. *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990).

Defendant has waived appellate review of his claim that the sentencing court incorrectly scored two of the offense variables on the sentencing information report by failing to challenge the scoring at sentencing or otherwise comply with the procedure set forth in MCR 6.429(C). *People v Walker,* 428 Mich 261, 266; 407 NW2d 367 (1987).

Last, defendant claims that he is entitled to resentencing because, at the time of his original sentencing, the court was unaware that defendant's sentences were required to be imposed consecutively to a prior sentence for a conviction for which defendant was on parole. We agree, as does the prosecutor, that when a sentence is based on a misconception of the law, the defendant usually is entitled to resentencing. *People v Whalen,* 412 Mich 166, 170; 312 NW2d 638 (1981). However, MCR 6.429(A) authorizes a sentencing court to modify an invalid sentence after it has been imposed. Because MCL 768.7a(2); MSA 28.1030(1)(2) mandates that defendant's sentences in the present case be imposed consecutively to his prior sentence, the present sentences as originally imposed were invalid. On January 9, 1990, the court entered an order in File 89-1162 that modified the invalid concurrent sentences to run consecutively to the prior sentence. The court further articulated a finding that even if it had been aware that consecutive sentencing was required, this consideration would not have affected the length of the sentences in the present case. Therefore, because it is clear that the court would not have sentenced defendant any differently had it known that his sentences must run consecutively, resentencing is unnecessary and would merely waste the court's time and resources.

We also conclude that the court's failure to include the other two files involved in the present case in its order modifying the sentences was merely a clerical mistake, rather than a mistake of any substantive nature. Therefore we remand to the sentencing court for correction of the judgments of sentence in Files 89-1161 and 89-1279 to reflect that the sentences in these files shall also

be served consecutively to the remaining portion of the prior sentence. MCR 6.435(A), 7.208(A).

Affirmed, but remanded for correction of clerical error. We do not retain jurisdiction.