PEOPLE v SHIVELY

Docket No. 190319. Submitted April 23, 1998, at Detroit. Decided July 10, 1998, at 9:15 A.M. Leave to appeal sought.

Dennis L. Shively was convicted following a bench trial in the Detroit Recorder's Court, Cynthia D. Stephens, J., of two counts of uttering and publishing and one count of larceny by false pretenses in excess of $100. The defendant appealed.

The Court of Appeals *held*:

1. The defendant's trial counsel did not render ineffective assistance in failing to present the testimony of a handwriting analyst and in advising the defendant not to testify. The strong presumption that both instances involved sound trial strategy was not overcome by the defendant. Counsel's representation did not prejudice the defendant so as to deprive him of a fair trial in view of the defendant's inability to demonstrate that there was a reasonable probability that, but for the alleged errors of counsel, the result of the proceeding would have been different.

2. The convictions of uttering and publishing and of larceny by false pretenses do not violate federal and state constitutional protections against double jeopardy. The defendant was not multiply punished for the same offense. The convictions of uttering and publishing arose out of the defendant's forgery of quitclaim and warranty deeds in an effort to show the complainant that he was the owner of properties that the complaint thought he was buying from the defendant, and the conviction of larceny by false pretenses arose out of the defendant's presentation of the forged documents to the complainant in a successful effort to obtain money from the complainant. Moreover, the statute that proscribes uttering and publishing and the statute that proscribes larceny by false pretenses prohibit separate and distinct acts that do not have to occur together in the same criminal transaction.

Affirmed.

1. CRIMINAL LAW — INEFFECTIVE ASSISTANCE OF COUNSEL.

A defendant, in order to prove a claim of ineffective assistance of counsel, must show that counsel's performance fell below an objective standard of reasonableness and the representation prejudiced the defendant so as to deprive the defendant of a fair trial; in order

to show that counsel's performance was deficient, the defendant must overcome the presumption that counsel's assistance constituted sound trial strategy; to demonstrate prejudice, the defendant must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different.

2. CRIMINAL LAW — UTTERING AND PUBLISHING — ELEMENTS.

The elements of uttering and publishing are knowledge on the part of the defendant that the instrument involved was false, an intent to defraud, and presentation of the forged instrument for payment (MCL 750.249; MSA 28.446).

3. CRIMINAL LAW — LARCENY BY FALSE PRETENSES — ELEMENTS.

The elements of larceny by false pretenses are a false representation concerning an existing fact, knowledge by the defendant of the falsity of the representation, use of the representation with the intent to deceive, and detrimental reliance by the victim on the false representation (MCL 750.218; MSA 28.415).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Janet Napp* and *Mary Dufour Morrow*, Assistant Prosecuting Attorneys, for the people.

State Appellate Defender (by *C. Joseph Booker*), for the defendant on appeal.

Before: JANSEN, P.J., and KELLY and MARKEY, JJ.

PER CURIAM. Following a bench trial, defendant was convicted of two counts of uttering and publishing, MCL 750.249; MSA 28.446, and one count of larceny by false pretenses in excess of $100, MCL 750.218; MSA 28.415. He was subsequently sentenced to two years of probation, with the last thirty days to be spent in jail. Defendant appeals as of right, and we affirm.

Defendant first argues that he was denied the effective assistance of counsel. In order to prove a claim

of ineffective assistance of counsel, defendant must show that counsel's performance fell below an objective standard of reasonableness and the representation prejudiced defendant so as to deprive him of a fair trial. *People v Pickens*, 446 Mich 298, 309; 521 NW2d 797 (1994). In order to show that counsel's performance was deficient, defendant must overcome the strong presumption that counsel's assistance constituted sound trial strategy. *People v Stanaway*, 446 Mich 643, 687; 521 NW2d 557 (1994). To demonstrate prejudice, defendant must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Id.*, pp 678-688.

Defendant contends that counsel was ineffective for failing to present the expert testimony of an available handwriting analyst to show that someone else had forged the deeds and for advising defendant not to testify at trial. With regard to the question of the handwriting analyst, there is no record evidence indicating that the expert would have testified that defendant did not forge the deeds or that someone else forged the deeds.[1] Indeed, counsel did obtain a handwriting expert and requested a two-week adjournment to call the expert. After being granted the adjournment, counsel decided not to call the expert at trial. Counsel's decision was clearly a matter

---

[1] No separate evidentiary hearing was held below with regard to defendant's claim of ineffective assistance of counsel. Therefore, our review of this issue is limited to the lower court record. *People v Barclay*, 208 Mich App 670, 672; 528 NW2d 842 (1995). The affidavit attached to defendant's appellate brief will not be considered by this panel to resolve this issue because it was not part of the lower court record. MCR 7.210(A)(1); *Long v Chelsea Community Hosp*, 219 Mich App 578, 588; 557 NW2d 157 (1996).

of trial strategy. It is just as reasonable to assume that counsel's decision was based on a finding by the expert that was not favorable to defendant. Therefore, defendant has failed to show that counsel's decision was prejudicial and fell below an objective standard of reasonableness.

With regard to the question of advising defendant not to testify, defendant has again failed to show that counsel's decision was prejudicial and fell below an objective standard of reasonableness. Counsel's strategic decision in this regard, *People v Alderete*, 132 Mich App 351, 360; 347 NW2d 229 (1984), has not been overcome by any showing in the record that counsel's decision was in any way deficient. Therefore, we conclude that defendant has failed to show through record evidence that counsel was ineffective in representing him at trial.

Defendant next argues that his convictions of both uttering and publishing and larceny by false pretenses violates the prohibition against double jeopardy. US Const, Am V; Const 1963, art 1, § 15. Although this constitutional issue was not raised below, we will review it to determine whether the alleged error was decisive of the outcome. *People v Grant*, 445 Mich 535, 547; 520 NW2d 123 (1994).

There is no double jeopardy violation in this case because defendant's convictions arise out of wholly separate transactions. In this case, the complainant, Frederick McClure, testified that he dealt with defendant, a real estate agent, concerning two parcels of land in the city of Southfield. Defendant told complainant that the properties were available for sale and that the owners, the Vemulapallis, were in the process of foreclosing the properties because the cur-

rent occupants were behind on their land contract payments. Defendant told complainant that he could buy the properties by paying the current occupants $3,000 for their equity in the property and by entering into a land contract with the Vemulapallis for another $15,000.

Complainant then made payments to defendant. Defendant told complainant that he (defendant) had acquired the properties from the Vemulapallis by a quitclaim deed and that defendant owned the properties through his company, Michigan Enterprises, Inc. Defendant told complainant to make all subsequent checks to defendant personally. Later, defendant and complainant signed a contract in which Michigan Enterprises promised to convey to complainant the two lots in question. Complainant continued to pay defendant personally for the properties.

After being asked to pay the taxes on the properties and after requesting title from defendant, complainant investigated the properties with the register of deeds. Complainant discovered that defendant had not recorded the quitclaim deed or the land contract with the register of deeds. According to the register of deeds, the Vemulapallis still owned the properties. Complainant went to the police, at which point defendant presented a warranty deed to complainant and said that he would provide complainant with the warranty deed and title insurance if complainant would withdraw the complaint. At trial, the Vemulapallis denied ever signing the quitclaim deed, and Mr. Vemulapalli denied conveying the properties to defendant.

Here, the uttering and publishing convictions arose out of defendant's forged signing of the quitclaim and

warranty deeds. The larceny by false pretenses conviction stems from defendant's presentation of these fraudulent documents to complainant and subsequently collecting money from him purporting to "sell" the properties to him. Thus, this case in fact involves two separate offenses: forging the two deeds (uttering and publishing), and acquiring money by falsely representing that defendant owned the property. Therefore, there is no double jeopardy implication because defendant is not facing multiple punishments for the *same* offense. See *People v Denio*, 454 Mich 691, 706; 564 NW2d 13 (1997) (the guarantee against double jeopardy protects against multiple prosecutions and multiple punishments for the same offense).

Our holding is underscored by the fact that the two statutes in question proscribe separate and distinct acts that do not have to occur together in the same criminal transaction. See *People v Kaczorowski*, 190 Mich App 165, 170; 475 NW2d 861 (1991). The two offenses share only one common element, the intent to defraud or deceive. The elements of uttering and publishing are: (1) knowledge on the part of the defendant that the instrument was false; (2) an intent to defraud; and (3) presentation of the forged instrument for payment. *Id.*, p 171. The elements of larceny by false pretenses, on the other hand, are: (1) a false representation concerning an existing fact; (2) knowledge by the defendant of the falsity of the representation; (3) use of the representation with the intent to deceive; and (4) detrimental reliance by the victim on the false representation. *People v Reigle*, 223 Mich App 34, 37-38; 566 NW2d 21 (1997). One need not utter and publish to also be guilty of larceny by false

pretenses. Moreover, larceny by false pretenses is not a lesser offense of uttering and publishing. See, e.g., *Kaczorowski, supra,* pp 171-172 (the offenses of forgery and uttering and publishing are distinctly different and do not constitute the same offense); *People v Mann,* 49 Mich App 454, 465; 212 NW2d 282 (1973) (obtaining money under false pretenses, forgery, uttering forged notes, drawing a no-account check, and attempted uttering and publishing are not lesser included offenses of uttering and publishing).

Accordingly, we conclude that the Legislature intended to create two distinct multiple punishments by enacting the uttering and publishing statute and the larceny by false pretenses statute. *Kaczorowski, supra,* pp 168-169. We find no double jeopardy violation in this case where defendant was convicted of violating each of these statutes.

Affirmed.