# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JEFFERY SCOTT TENELSHOF II,

Defendant-Appellant.

UNPUBLISHED
October 20, 2016

Nos. 328176; 328177
Kent Circuit Court
LC Nos. 14-006217-FH;
        14-006325-FH

Before: K. F. KELLY, P.J., and O'CONNELL and BOONSTRA, JJ.

PER CURIAM.

In these consolidated appeals, defendant, Jeffery Scott Tenelshof II, appeals by leave granted[1] his convictions of larceny by conversion, MCL 750.362, following a guilty plea. The trial court sentenced Tenelshof as a third-offense habitual offender, MCL 769.11, to serve 34 months to 10 years' imprisonment for each conviction. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Tenelshof pleaded guilty to two counts of larceny by conversion. To establish the factual basis for the pleas, Tenelshof testified that on April 15, 2014, he "convert[ed] to [his] own property, a check which belonged to a [victim] and the value of that was more than a thousand but less than $20,000" and that he "had no right to do that." He also testified that he "convert[ed] to [his] own property $2,000 in cash, which belonged to a [victim]" and he "had no right or authority to convert that to [his] own" use. In exchange for Tenelshof's plea, the prosecution agreed to dismiss charges against Tenelshof in other cases. The prosecution also agreed that if Tenelshof paid $5,500 in restitution by the time of sentencing, it would drop his third-offense habitual offender status, cap his maximum sentence at 5 years instead of 10, and recommend a minimum sentencing range of 7 to 23 months' imprisonment.

At sentencing, Tenelshof had not paid any restitution. Tenelshof's sentence information report (SIR) recommend a minimum sentencing range of 7 to 34 months' imprisonment because

---

[1] *People v Tenelshof II*, unpublished order of the Court of Appeals, entered August 11, 2015 (Docket No. 328176).

of Tenelshof's status as a third-offense habitual offender. Tenelshof moved to withdraw his guilty plea, arguing that he was actually innocent of the charges because he did not intend to defraud the victims, that his plea had not established fraud as a necessary element of the charged crime, and that the trial court had failed to establish the factual basis of the crimes. The trial court denied the motion. Because Tenelshof had not paid restitution and was not entitled to special sentencing considerations, the trial court sentenced him as previously described.

Following sentencing, Tenelshof moved for resentencing or to withdraw his plea, contending that the prosecution had indicated when he entered his plea that the guidelines range would be 7 to 23 months' imprisonment. Tenelshof averred that he would not have entered his plea if he knew that the range would be 7 to 34 months' imprisonment. After a hearing, the trial court denied Tenelshof's motion, accepting the prosecution's argument that the plea deal clearly stated that the deal only applied if Tenelshof paid restitution before sentencing.

Tenelshof now appeals.

## II. PRESERVATION AND STANDARDS OF REVIEW

When reviewing the trial court's decision on a defendant's motion to withdraw his guilty plea, this Court reviews for clear error the trial court's factual findings and reviews for an abuse of discretion the trial court's ultimate decision. *People v Cole*, 491 Mich 325, 329; 817 NW2d 497 (2012). The trial court abuses its discretion when its decision falls outside the range of principled outcomes. *Id.* A finding is clearly erroneous if, after reviewing the entire record, we are definitely and firmly convinced that the trial court made a mistake. *Id.*

A defendant must preserve a challenge to the validity of a guilty plea by moving to withdraw the plea in the trial court. MCR 6.310(D); *People v Armisted*, 295 Mich App 32, 45-46; 811 NW2d 47 (2011). A defendant may not raise on appeal an issue regarding the withdrawal of his or her plea unless the defendant raised the issue in his or her motion before the trial court. *People v Kaczorowski*, 190 Mich App 165, 172-173; 475 NW2d 861 (1991).

## III. ANALYSIS

First, Tenelshof contends that the trial court abused its discretion when it denied his motion to withdraw his plea because the trial court's questioning regarding the factual basis for his plea did not establish the essential elements of the crime. Specifically, Tenelshof argues that the trial court did not establish his intent to defraud or cheat the victims but merely fell behind on his work and did not intend to act fraudulently. We disagree.

"A defendant seeking to withdraw his or her plea after sentencing must demonstrate a defect in the plea-taking process." *People v Brown*, 492 Mich 684, 693; 822 NW2d 208 (2012). MCR 6.302(D)(1) requires the trial court to question the defendant to "establish support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading." The factual basis of a plea is adequate if the fact-finder could have found the defendant guilty on the basis of the facts the trial court elicited at the plea proceeding. *People v Fonville*, 291 Mich App 363, 377; 804 NW2d 878 (2011). The factual basis is adequate if the trial court can draw an inculpatory inference from the defendant's statements, even if the defendant denies specific elements of the crime:

A factual basis to support a plea exists if an inculpatory inference can be drawn from what the defendant has admitted. This holds true even if an exculpatory inference could also be drawn and the defendant asserts that the latter is the correct inference. Even if the defendant denies an element of the crime, the court may properly accept the plea if an inculpatory inference can still be drawn from what the defendant says. [*Id*. (quotation marks and citations omitted).]

One element of larceny by conversion is that, at the time the property was converted, the defendant intended to defraud or cheat the owner permanently of that property. *People v Mason*, 247 Mich App 64, 72; 634 NW2d 382 (2001). Contrary to Tenelshof's assertions that his plea did not establish the factual basis of this element, Tenelshof stated that he took the victims' money, kept it, and had no right to do so. There is no indication that Tenelshof either intended to return the checks or perform the work once it became clear he would be unable to do the work for which the victims paid him. Accordingly, a fact-finder could have inferred that Tenelshof intended to permanently cheat the victims of the money they paid him to work on their homes. We conclude that the trial court did not clearly err when it found that Tenelshof's statements established the factual basis of the plea, and thus its decision to deny Tenelshof's motion to withdraw the plea fell within the reasonable range of outcomes.

Second, Tenelshof argues that the trial court improperly sentenced him outside the guidelines range that he was promised when he offered his plea. Tenelshof contends that the prosecution promised him a minimum sentence range of 7 to 23 months' imprisonment with a cap of 5 years' imprisonment, and his eventual sentence of 34 months' to 10 years' imprisonment exceeded that agreement. Again, we disagree.

A defendant's guilty plea waives several constitutional rights and, for a plea to constitute an effective waiver, the plea must be knowing and voluntary. *Cole*, 491 Mich at 332-333. A defendant's guilty plea may have been involuntary if he or she pleaded guilty because of unfulfilled promises or misleading statements. *People v Johnson*, 386 Mich 305, 314-315; 482 (1971). Thus, a defendant who pleads guilty in reliance on unfulfilled promises of sentencing lenience may withdraw his or her guilty plea if the sentence later exceeds those promises. See *People v Cobbs*, 443 Mich 276, 283; 505 NW2d 208 (1993).

We are not definitely and firmly convinced that the trial court made a mistake when it found that the prosecution conditioned its sentencing promise on Tenelshof paying restitution to the victims. The prosecution's statements at sentencing clearly indicate that sentencing consideration were contingent on Tenelshof paying restitution:

> We've also entered an agreement that *if the defendant has $5,500 in restitution in his attorney's trust account at the time of sentence*, we would recommend to the Court, and ask the Court to sentence him as if he were convicted without a supplemental Information. That would be capping the maximum at 5 years, and having him—Sentencing Guidelines be as if he were not convicted with a supplemental Information.

* * *

-3-

The range is seven to 23 months.

However, if he comes up with the entire $11,500 in restitution, which is the cash portion of that, by the time of sentencing, we would recommend a county jail cap as part of the sentence in this case. . . . [Emphasis added.]

Because Tenelshof had not paid any restitution at the time of sentencing, the conditions of the prosecution's sentencing offer were not met. Accordingly, Tenelshof was sentenced under the supplemental information as a habitual offender, which resulted in a recommended minimum sentence range of 7 to 34 months' imprisonment. Tenelshof was not sentenced in excess of promises made to him at the plea hearing; he simply did not live up to his end of the bargain.

We affirm.

/s/ Kirsten Frank Kelly
/s/ Peter D. O'Connell
/s/ Mark T. Boonstra