# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

PAUL EUGENE NASEMAN,

Defendant-Appellant.

UNPUBLISHED
December 22, 2016

No.  328576
Montcalm Circuit Court
LC No.  2014-018954-FH

Before:  BORRELLO, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his guilty pleas to attempted sexually abusive activity towards a child, MCL 750.145c, and failure to register as a sex offender, MCL 28.729. The trial court sentenced defendant to 3 to 5 years' imprisonment for attempted sexually abusive activity towards a child and 32 months to 4 years' imprisonment for failure to register as a sex offender.  The trial court also ordered defendant to pay a $500 fine for failing to register as a sex offender.  We affirm.

Defendant pleaded guilty pursuant to a *Cobbs*[2] agreement in which the prosecution agreed to limit defendant's sentence to 3 to 5 years in exchange for defendant's guilty pleas.  On appeal, defendant argues that the $500 fine imposed by the trial court exceeded defendant's *Cobbs* agreement and, therefore, he should have been given the opportunity to withdraw his plea before being sentenced.  We disagree.

Because defendant did not file a motion to withdraw his plea before the trial court, the issue is unpreserved on appeal.  MCR 6.310; see *People v Kaczorowski*, 190 Mich App 165, 172-173; 475 NW2d 861 (1991).  We review for plain error affecting a defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

---

[1] *People v Naseman*, unpublished order of the Court of Appeals, entered September 21, 2015 (Docket No. 328576).

[2] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

-1-

Defendant argues that the trial court plainly erred because it did not abide by the terms of his *Cobbs* agreement and did not give him an opportunity to withdraw his plea before sentencing. In *People v Cobbs*, 443 Mich 276, 283; 505 NW2d 208 (1993), our Supreme Court allowed judges to participate more in plea agreements as follows:

> At the request of a party, and not on the judge's own initiative, a judge may state on the record the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense.
>
> * * *
>
> The judge's preliminary evaluation of the case does not bind the judge's sentencing discretion, since additional facts may emerge during later proceedings, in the presentence report, through the allocution afforded to the prosecutor and the victim, or from other sources. However, a defendant who pleads guilty or nolo contendere in reliance upon a judge's preliminary evaluation with regard to an appropriate sentence has an absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation.

Under these so-called *Cobbs* agreements, a trial court can only accept a defendant's guilty plea if the court "is convinced that the plea is understanding, voluntary, and accurate." MCR 6.302(A); US Const, Am V.[3] For a plea to be voluntary, the plea "agreement must be stated on the record or reduced to writing and signed by the parties" and the court must confirm the terms of the agreement with both parties. MCR 6.302(C).

Defendant bases his argument that the trial court did not abide by his *Cobbs* agreement on *People v Morse*, 480 Mich 1074; 744 NW2d 169 (2008). In *Morse*, our Supreme Court remanded a case back to the trial court in order to remove a $300 fine from the judgment of sentence because the "fine was clearly not a part of the sentencing agreement, and the defendant was not offered the opportunity to withdraw his plea after the fine was imposed as part of the sentence." *Id*. at 1074.

However, in this case, unlike in *Morse*, the possible imposition of a fine was clearly contemplated by the parties. At defendant's plea hearing, the prosecutor stated that pursuant to the parties' *Cobbs* agreement, "[f]ines, costs, [and] intermediate sanctions are, of course, available at the time of sentencing." Defendant stated that this was his understanding of their agreement as well. Thus, defendant voluntarily entered into a plea agreement with the prosecution that provided that any imposition of possible fines for defendant's convictions would be left to the discretion of the sentencing court. MCR 6.320(C). Further, defendant signed an

---

[3] The Fifth Amendment states in pertinent part: "No person shall be . . . compelled in any criminal case to be a witness against himself." US Const, Am V. The Fifth Amendment's protection of defendants during pleadings applies to the states through the Fourteenth Amendment. *Boykins v Alabama*, 395 US 238, 243; 89 S Ct 1709; 23 L Ed 2d 274 (1969).

Advice of Rights form before his plea hearing that stated that his sentencing agreement was strictly in regard to incarceration and left open the possibility for the sentencing court to impose fines or other penalties on defendant. Defendant testified at his plea hearing that he signed and understood this form. Accordingly, in this case, unlike in *Morse*, the possibility of a fine was clearly contemplated by the parties as part of defendant's sentencing agreement. For this reason, the trial court did not plainly err by ordering defendant to pay the $500 fine.

Affirmed.


/s/ Stephen L. Borrello
/s/ David H. Sawyer
/s/ Jane E. Markey