# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* JAYELIN MARQUESE HAWKINS, Minor.

---

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellee,

v

JAYELIN MARQUESE HAWKINS,

        Respondent-Appellant.

UNPUBLISHED
June 21, 2018

No. 339336
Wayne Circuit Court
Family Division
LC No. 17-000631-DL

---

Before: MURPHY, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

PER CURIAM.

Respondent was originally charged as an adult with armed robbery, MCL 750.529. At the preliminary examination, the district court reduced the charge to unarmed robbery, MCL 750.530. The prosecutor then charged respondent as a juvenile with unarmed robbery. Pursuant to a plea agreement, respondent entered a plea of admission to an added count of larceny from the person, MCL 750.357, in exchange for dismissal of the unarmed robbery charge. The trial court sentenced respondent to juvenile probation in a residential facility. Respondent now appeals as of right, asserting that he is entitled to withdraw his plea because it "was given through ignorance, fear or inadvertence." Because the record does not support respondent's argument, we affirm.

Legal principles pertaining to withdrawal of pleas in criminal proceedings are relevant to withdrawal of pleas in juvenile proceedings, because "[a]lthough juvenile proceedings are not considered adversarial in nature, they are closely analogous to the adversary criminal process." *In re Carey*, 241 Mich App 222, 227; 615 NW2d 742 (2000). Pleas of admission in juvenile proceedings are governed by MCR 3.941. "The court shall not accept a plea to an offense unless the court is satisfied that the plea is accurate, voluntary, and understanding." MCR 3.941(A). "Before the court accepts the plea, the juvenile may withdraw the plea offer by right. After the court accepts the plea, the court has discretion to allow the juvenile to withdraw a plea." MCR 3.941(D).

Accordingly, a trial court's decision on a motion to withdraw a plea is generally reviewed for an abuse of discretion. *In re Zelzack*, 180 Mich App 117, 126; 446 NW2d 588 (1989).

-1-

However, "a defendant must properly preserve any issue relating to noncompliance with the court rules governing pleas, or any other claim that the plea was not understanding, voluntary, or accurate, by moving to withdraw the plea and raising as a basis for withdrawal the claim sought to be raised on appeal." *People v Kaczorowski*, 190 Mich App 165, 172; 475 NW2d 861 (1991). In this case, respondent never moved to withdraw his plea of admission in the trial court. Therefore, this issue is unpreserved. *In re Zelzack*, 180 Mich App at 126. Unpreserved issues are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

It is well settled that a plea of guilty "must be entirely voluntary by one competent to know the consequences, and should not be induced by fear, misapprehension, persuasion, promises, inadvertence or ignorance." *People v Thew*, 201 Mich App 78, 82; 506 NW2d 547 (1993). In the instant case, although respondent asserts that his plea "was given through ignorance, fear or inadvertence," he fails to offer any factual support for this assertion. "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998). In any event, the record of the plea hearing refutes respondent's argument.

The record discloses that the trial court fully complied with the requirements of MCR 3.941(C). The court endeavored to make sure respondent's plea was understandably made by advising him, in accordance with MCR 3.941(C)(1)(a) – (c), of the offense charged and the offense to which he was entering a plea, the different possible dispositions if the court accepts his plea, the consequences of waiving his right to trial and entering a plea, and the various rights he would be waiving by entering a plea. In response to the trial court's questioning, respondent acknowledged that he understood each of these matters. The court also made sure that respondent's plea was voluntarily made by questioning respondent, in accordance with MCR 3.941(C)(2), to confirm the terms of the plea agreement, and by obtaining respondent's agreement that he wanted to enter a plea in accordance with the plea agreement, that no promises or threats had been made to force him to enter a plea, and that he was entering a plea of his own free will.

Further, the court made sure that respondent's plea was an accurate one, as required by MCR 3.941(C)(3), by questioning respondent to establish factual support for a finding that he committed the offense of larceny from the person. Finally, the court established support for respondent's plea, in accordance with MCR 3.941(C)(4), by inquiring of his mother, who acknowledged that she saw no reason why the court should not accept respondent's plea. Respondent's counsel expressed satisfaction with the plea proceeding, including the factual basis for respondent's plea. In sum, there is no support in the record for respondent's argument that his plea was given "through ignorance, fear or inadvertence." Respondent has not demonstrated any error, plain or otherwise, in the trial court's acceptance of his plea of admission.

Affirmed.

/s/ William B. Murphy
/s/ Kathleen Jansen
/s/ Amy Ronayne Krause