*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DESMOND RICKS,

        Plaintiff-Appellant,

v

STATE OF MICHIGAN,

        Defendant-Appellee.

FOR PUBLICATION
October 29, 2019
9:00 a.m.

No. 342710
Court of Claims
LC No. 17-000159-MZ

Before: JANSEN, P.J., and CAMERON and TUKEL, JJ.

CAMERON, J.

Plaintiff, Desmond Ricks (Ricks), filed a lawsuit for compensation pursuant to the Wrongful Imprisonment Compensation Act (WICA), MCL 691.1751 *et seq.*, after his 1992 convictions for second-degree murder and possession of a firearm during the commission of a felony (felony-firearm) were vacated and the charges were dismissed. Ricks appeals an order of the Court of Claims, which awarded him $1,014,657.53 under WICA, but denied him additional compensation of $216,438.36. Finding no error, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

Ricks was originally incarcerated on February 19, 1987, following his conviction of armed robbery and assault with intent to rob while armed. Ricks was sentenced to 4 to 10 years' imprisonment for each conviction. On May 30, 1991, Ricks was paroled. On September 23, 1992, while on parole, Ricks was convicted by a jury of second-degree murder and felony-firearm. On October 12, 1992, Ricks was sentenced to 30 to 60 years' imprisonment for the second-degree murder conviction and two years' imprisonment for the felony-firearm conviction.[1] On October 13, 1992, Ricks' parole for his 1987 convictions of armed robbery and

---

[1] Ricks was given 219 days of jail credit on the felony-firearm conviction. Although not relevant to the issue on appeal, we note that Ricks was not entitled to jail credit in relation to his 1992 convictions because he was a parolee at all relevant times. See *People v Idziak*, 484 Mich 549,

-1-

assault with intent to rob was revoked. The Michigan Department of Corrections (MDOC) Basic Information Sheet[2] regarding Ricks provided, in relevant part, that "the parole order under which [Ricks was] released" was "rescinded" "[b]y reason of [Ricks] incurring another sentence while on parole[.]" The Basic Information Sheet specifically referenced the second-degree murder and felony-firearm convictions. Ricks was imprisoned as a result of the parole violation concerning the 1987 convictions from October 13, 1992 to February 8, 1997. Ricks began serving the sentences on the second-degree murder and felony-firearm convictions on February 9, 1997.

In early 2017, new evidence came to light that supported that Ricks did not commit the crimes of second-degree murder and felony-firearm. Based on the new evidence, the prosecution agreed that a new trial was necessary. An order of *nolle prosequi* was later entered because the prosecution determined that there was insufficient evidence to proceed to trial. Ricks was released from MDOC custody on May 26, 2017.

On June 6, 2017, Ricks filed a WICA complaint, claiming he was entitled to $1,231,918.00, plus interests, costs, and attorney fees for the time he spent in prison from October 13, 1992 through May 26, 2017. The State of Michigan agreed that Ricks was entitled to compensation in the amount of $1,014,657.53 for the period between February 9, 1997 and May 26, 2017. However, the State of Michigan argued that Ricks was not entitled to compensation for the period between October 13, 1992 and February 8, 1997 because he was imprisoned for parole violations during that time, not the murder-related convictions.

The Court of Claims held a hearing to determine the correct amount of compensation. Ricks argued that the only reason he was incarcerated between October 13, 1992 and February 8, 1997 was because he was found to have violated a condition of his parole in relation to the 1987 convictions after he was convicted of second-degree murder and felony-firearm in 1992. Ricks argued that but for the 1992 wrongful convictions, the MDOC would not have revoked his parole and he would not have been reincarcerated. In relevant part, the State of Michigan claimed that Ricks was entitled to compensation under WICA "only for the time that he was exclusively serving for the vacated murder conviction," which was the period between February 9, 1997 and May 26, 2017.

_____

563-565; 773 NW2d 616 (2009) (holding that the jail credit statute does not apply to a parolee who is convicted and sentenced to a new term of imprisonment for a felony committed while on parole because, when parolees are arrested for a new offense, they automatically resume serving the balance of their prison sentence).

[2] A Basic Information Sheet provides a prisoner's personal information, such as race, gender, birthdate, and a physical description. A Basic Information Sheet also lists a prisoner's convictions, sentences, and information concerning the sentencing court. In this case, the Basic Information Sheet also listed the MDOC's rationale for rescinding the parole order under which Ricks was released in relation to the 1987 convictions.

The Court of Claims agreed with the State of Michigan, stating:

> I will compensate for the length of time that has been agreed to that the gentleman served on the substantive offense before us[,] and I will not compensate for the amount of time that he served on a violation of parole; that he had to serve first before he began to serve on the case before us nor will I compensate for any time spent in the county jail awaiting trial.

Thereafter, the Court of Claims entered a stipulated order of judgment, awarding Ricks the undisputed amount of compensation, plus costs and attorney fees. The stipulated order of judgment reflected that Ricks was not waiving the right to appeal the denial of the additional $216,438.36 by stipulating to the entry of the order of judgment and accepting payment of the amount ordered by the Court. This appeal followed.

## II. ANALYSIS

Ricks argues on appeal that the Court of Claims erred by determining that he was not entitled to compensation for the time he was incarcerated from October 13, 1992 through February 8, 1997 as a result of the MDOC's decision to revoke his parole in relation to the 1987 convictions. We disagree.

This Court reviews de novo issues of statutory interpretation. *Ameritech Mich v Mich PSC*, 239 Mich App 686, 690; 609 NW2d 854 (2000). When interpreting a statute, the "goal is to ascertain and give effect to the intent of the Legislature." *Portelli v IR Constr Prods Co, Inc*, 218 Mich App 591, 606; 554 NW2d 591 (1996). Where the language of the statute is unambiguous, the statute must be applied as written. *Velez v Tuma*, 492 Mich 1, 16-17; 821 NW2d 432 (2012). However, appellate courts have no authority to reevaluate legislative policy choices or to reconfigure a statute on the basis of a public policy concern that is not embodied in the text of a statute. *Lash v Traverse City*, 479 Mich 180, 197; 735 NW2d 628 (2007). "Only when an ambiguity exists in the language of the statute is it proper for a court to go beyond the statutory text to ascertain legislative intent." *Whitman v City of Burton*, 493 Mich 303, 312; 831 NW2d 223 (2013).

Michigan courts have long recognized that "[t]he State, as sovereign, is immune from suit save as it consents to be sued, and any relinquishment of sovereign immunity must be strictly interpreted." *Manion v State Hwy Comm'r*, 303 Mich 1, 19; 5 NW2d 527 (1942). "[T]he state can only waive its immunity and, consequently, consent to be sued through an act of the Legislature or through the constitution." *Co Rd Ass'n of Mich v Governor*, 287 Mich App 95, 119; 782 NW2d 784 (2010).

As relevant here, WICA allows "[a]n individual convicted under the law of this state and subsequently imprisoned in a state correctional facility for 1 or more crimes that he or she did not commit" to seek compensation from the State of Michigan. MCL 691.1753. MCL 691.1755 provides, in relevant part, the following:

> (1) In an action under this act, the plaintiff is entitled to judgment in the plaintiff's favor if the plaintiff proves all of the following by clear and convincing evidence:

(a) The plaintiff was convicted of 1 or more crimes under the law of this state, was sentenced to a term of imprisonment in a state correctional facility for the crime or crimes, and served at least part of the sentence.

(b) The plaintiff's judgment of conviction was reversed or vacated and either the charges were dismissed or the plaintiff was determined on retrial to be not guilty. However, the plaintiff is not entitled to compensation under this act if the plaintiff was convicted of another criminal offense arising from the same transaction and either that offense was not dismissed or the plaintiff was convicted of that offense on retrial.

(c) New evidence[3] demonstrates that the plaintiff did not perpetrate the crime and was not an accomplice or accessory to the acts that were the basis of the conviction, results in the reversal or vacation of the charges in the judgment of conviction or a gubernatorial pardon, and results in either dismissal of all of the charges or a finding of not guilty on all of the charges on retrial.

(2) Subject to subsections (4) and (5), if a court finds that a plaintiff was wrongfully convicted and imprisoned, the court shall award compensation as follows:

(a) Fifty thousand dollars for each year from the date the plaintiff was imprisoned until the date the plaintiff was released from prison, regardless of whether the plaintiff was released from imprisonment on parole or because the maximum sentence was served. For incarceration of less than a year in prison, this amount is prorated to 1/365 of $50,000.00 for every day the plaintiff was incarcerated in prison.

Thus, pursuant to MCL 691.1755(1)(a), a plaintiff must first establish that "a term of imprisonment in a state correctional facility" was imposed after the plaintiff's conviction. Although the language of MCL 691.1755(1)(b) and (c) vary slightly, both subsections require the following in order for a plaintiff to obtain compensation under WICA: (1) the charge(s) in the judgment of conviction must be reversed or vacated and (2) the charge(s) must be dismissed or the plaintiff must be found not guilty on retrial. See MCL 691.1755(1)(b) and (c). If a plaintiff meets WICA's threshold requirements and neither MCL 691.1755(4) nor (5) apply, the plaintiff will be entitled to $50,000 for each year from the date the plaintiff was imprisoned until the date the plaintiff was released from prison. See *South Dearborn Environmental Improvement Assoc, Inc v Dep't of Environmental Quality*, 502 Mich 349, 364; 917 NW2d 603 (2018) ("[T]o be 'subject' to something includes, among other things, being 'contingent on or under the influence

---

[3] WICA defines "new evidence" as "any evidence that was not presented in the proceedings leading to the plaintiff's conviction, including new testimony, expert interpretation, the results of DNA testing, or other test results relating to evidence that was presented in the proceedings leading to plaintiff's conviction." MCL 691.1752(b).

of some later action. . . .' This signals that when an item or event is subject to another item or event, the former and the latter must be considered together.").

On appeal, the parties disagree whether the Court of Claims properly applied MCL 691.1755(4) when determining that Ricks was not entitled to compensation for the time he was imprisoned for his parole violation. MCL 691.1755(4) provides the following:

> Compensation may not be awarded under [MCL 691.1755(2)] for any time during which the plaintiff was imprisoned under a concurrent or consecutive sentence for another conviction.

Thus, the statutory prohibition is clear: compensation may not be awarded under subsection (2) for any time the plaintiff was imprisoned under a concurrent or consecutive sentence for "another conviction." The legislature provided for no exceptions. As relevant here, MCL 768.7a(2) mandates consecutive sentencing for parolees found to have committed new felonies while on parole. See *People v Kaczorowski*, 190 Mich App 165, 174; 475 NW2d 861 (1991).

Ricks nevertheless argues that he is also entitled to compensation for the time he served in prison for a different conviction (his parole violation) because that imprisonment was based solely on his 1992 wrongful convictions. Compensation for this imprisonment, Ricks argues, would further the Act's purpose "to provide compensation and other relief of individuals wrongfully imprisoned for crimes . . . ." However, Ricks' construction of the statute is not found in the text of the statute and ignores the plain language of the consecutive-sentence restriction in MCL 691.1755(4), which provides no exceptions for his situation. Rather, MCL 691.1755(4) expressly precludes compensation for any concurrent or consecutive time of imprisonment involving another conviction. In this case, Ricks was imprisoned from October 13, 1992 and February 8, 1997 for a different conviction. Thus, pursuant to the plain and unambiguous language of MCL 691.1755, which we must interpret strictly, Ricks was not entitled to compensation for that period of imprisonment. Any conclusion to the contrary would impermissibly render the plain language of MCL 691.1755(4) nugatory. See *Robinson v Lansing*, 486 Mich 1, 21; 782 NW2d 171 (2010).

Further, the legislature's use of the phrase "may not" provides no room for the type of discretion for which Ricks advocates. The statute provides that compensation "may not be awarded . . . *for any time* during which the plaintiff was imprisoned under a concurrent or consecutive sentence for another conviction." MCL 691.1755(4) (emphasis added). The use of the comprehensive word "any" reinforces our conclusion that MCL 691.1755(4) was intended as a complete prohibition against awarding compensation for all time served under a concurrent or consecutive sentence for another conviction. See *People v Hesch*, 278 Mich App 188, 195; 749 NW2d 267 (2008).

In so holding, we acknowledge that remedial statutes are to be liberally construed in favor of the persons intended to be benefited. *Empson-Laviolette v Crago*, 280 Mich App 620, 629; 760 NW2d 793 (2008). However, "[t]he fact that a statute has a broad remedial structure does not allow us to interpret its text in a way that conflicts with its plain language." *Michigan Flyer LLC v Wayne Co Airport Auth*, 860 F3d 425, 430 (CA 6, 2017). That is what Ricks asks

us to do here, because Ricks was serving another sentence during the time he served for the parole violation.

Therefore, because MCL 691.1755(4) barred Ricks from recovering under WICA for the period of time between October 13, 1992 and February 8, 1997, the Court of Claims did not err. See *Ameritech Mich*, 239 Mich App at 690.

Additionally, even if the plain language of MCL 691.1755(4) did not bar Ricks from receiving compensation for the period he was imprisoned between October 13, 1992 and February 8, 1997, we would conclude that Ricks does not meet the threshold requirements outlined in MCL 691.1755(1) with respect to the 1987 convictions for armed robbery and assault with intent to rob while armed. As already stated, the plain language of MCL 691.1755(1)(b) and (c) both require that (1) the charge(s) in the judgment of conviction be reversed or vacated and (2) the charge(s) be dismissed or the plaintiff be found not guilty on retrial.

Unlike the 1992 judgment of conviction, the judgment of conviction for Ricks' 1987 convictions was never successfully challenged on appeal or in post-judgment proceedings. Thus, the judgment of conviction in relation to the 1987 convictions was never vacated or reversed, and Ricks' 1987 convictions remained intact. This is fatal to the portion of Ricks' WICA claim concerning the 1987 convictions because the Legislature's use of the word "the" in front of "charges" and "judgment of conviction" reflects that the Legislature did not intend to provide compensation under WICA unless the charges in a specific judgment of conviction were reversed or vacated and those charges were later dismissed or the plaintiff was found not guilty on retrial. See *Robinson*, 486 Mich at 14 (holding that use of the word "the" designates a definite object). Because Ricks cannot meet the threshold requirements of WICA with respect to the 1987 convictions, he was not entitled to compensation for the time he was incarcerated in relation to those convictions. This includes the period of time between October 13, 1992 and February 8, 1997 when Ricks was imprisoned as a result of the MDOC's decision to revoke his parole following his 1992 convictions for second-degree murder and felony-firearm.

In sum, Ricks is not entitled to compensation under WICA for the period of time that he was incarcerated between October 13, 1992 and February 8, 1997 because MCL 691.1755(4) and the threshold requirements outlined in MCL 691.1755(1) both bar such relief.

Affirmed.

/s/ Thomas C. Cameron
/s/ Jonathan Tukel